02-10-321-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00321-CR

 

 


 
 
 Bennie Miller
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Bennie Miller appeals the trial court’s judgment adjudicating his guilt and
imposing a fifteen-year prison sentence for indecency with a child.  We affirm.

          Appellant
pleaded guilty to indecency with a child and received a ten-year term of
deferred-adjudication probation.[2]  Appellant was placed on
the sex offender caseload.  The terms and conditions of his community
supervision were amended or supplemented three times—by orders filed April 12,
2007, September 10, 2009, and February 24, 2010.  On May 27, 2010, the State
filed their first petition to proceed to adjudication which contained three
paragraphs alleging violations of Appellant’s community supervision.

          On
July 30, 2010, after receiving admonishments from the court, Appellant pleaded
true to paragraphs two and three of the petition.  The State waived the
allegation contained in the first paragraph of the petition.  He entered his
pleas of true without the benefit of a plea bargain.  The State rested on the
pleas of true.  Appellant presented testimony from his wife and his sex
offender treatment counselor.  After the conclusion of the evidence and the arguments
of counsel, the court found the remaining two allegations to be true.  The
court then found Appellant guilty of indecency with a child, and gave both the
State and Appellant an opportunity to present evidence on punishment, which was
declined.  Appellant was sentenced to fifteen years in prison and advised of
his right to appeal.  This appeal followed.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet
the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds for relief.  We gave Appellant the opportunity to
file a pro se brief, and he has not filed one.  Appellant did write a letter
received by this court on March 29, 2011, but in it he raised no issue
concerning error by the trial court.  Instead, Appellant’s letter was a plea
for this court to consider his age and multiple medical conditions in making a
decision.  The State also has not filed a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record and counsel’s brief.  We agree with counsel
that this appeal is wholly frivolous and without merit; we find nothing in the
record that might arguably support the appeal.  See Bledsoe v. State,
178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State,
206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant
counsel’s motion to withdraw and affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]Appellant was charged in a
two count indictment with aggravated sexual assault of a child and indecency
with a child by contact.  The complainant was Appellant’s granddaughter. 
Appellant pleaded guilty to the second count charging indecency with a child on
March 7, 2005, without a plea bargain.  Although there is no reporter’s record
of the original plea for review, it appears the State waived the first count of
the indictment.  While awaiting the preparation of a pre-sentencing report, an
agreement was reached between Appellant and the State for ten-years’ deferred
adjudication on April 25, 2005.